

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-27-2007

# Austin v. Carroll

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3811

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Austin v. Carroll" (2007). *2007 Decisions.* Paper 1571.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1571

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-3811

———

LARRY W. AUSTIN,

Appellant,

v.

THOMAS CARROLL, Warden; OFFICE OF ATTORNEY GENERAL OF
DELAWARE,

Appellees.

———

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 03-854)
District Judge: Honorable Joseph J. Farnan, Jr.

———

Submitted Under Third Circuit LAR 34.1(a),
December 13, 2006

Before: FUENTES and VAN ANTWERPEN, <u>Circuit Judges</u>, and
PADOVA,[*] District Judge

(Filed February 27, 2007  )

—————————

[*] The Honorable John R. Padova, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

_____

OPINION OF THE COURT

‾‾‾

FUENTES, Circuit Judge.

Petitioner Larry Austin appeals from an order of the District Court dismissing his petition for a writ of habeas corpus as time-barred. For the reasons set forth below, we will affirm the District Court's decision.[1]

## I.    Background

In March 2000, after Austin failed to appear for the second day of his criminal trial, a Delaware jury convicted him *in absentia* of all counts of a four-count indictment charging him with various controlled substance offenses. Austin was apprehended by police several months later, and was thereafter sentenced to thirty-two and one-half years imprisonment.

Austin filed a timely pro se appeal with the Delaware Supreme Court, which affirmed his conviction and sentence on August 6, 2001. Austin did not file a petition for certiorari in the United States Supreme Court, but did file a pro se motion for state post-conviction relief ("state PCR motion") in Delaware Superior Court on August 12, 2002.

---

[1] We exercise jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. Our review of a district court's dismissal of a habeas petition on statute of limitations grounds is plenary. LaCava v. Kyler, 398 F.3d 271, 275 (2005).

2

Approximately two weeks later, however, the Delaware Superior Court sent Austin a notice of non-compliance informing him that he had failed to use the correct form. On September 18, 2002,[2] Austin filed a corrected state PCR motion which the Delaware Superior Court ultimately denied on the merits. On July 7, 2003, the Delaware Supreme Court affirmed the Superior Court's denial of state post-conviction relief.

On August 31, 2003, Austin filed a pro se petition for a writ of habeas corpus in the United States District Court for the District of Delaware alleging ineffective assistance of trial counsel and trial court error. The District Court found that Austin's habeas petition was time-barred, but requested that the parties submit supplemental briefing on the issue of whether the statute of limitations should be equitably tolled. After the parties submitted supplemental briefing, the District Court concluded that Austin failed to establish that he was entitled to equitable tolling and dismissed the petition.

We subsequently granted a certificate of appealability on the issue of whether the District Court erred in calculating the starting point for statutory tolling under 28 U.S.C. § 2244(d)(2) as September 18, 2002, where Austin's properly filed Rule 61 motion may have related back to, or been deemed filed on, the original filing date of August 12, 2002. In addition, we asked the parties to address whether state law or federal law governs the calculation of the starting point for statutory tolling under § 2244(d)(2), and whether

---

[2] Austin asserts that he mailed the corrected motion on September 14, 2002. Whether he is deemed to have filed the corrected motion on that date, or on September 18, 2002, when the court received it, is irrelevant to the issues raised in this appeal.

equitable tolling is warranted under the circumstances.

## II.     Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

prescribes a one-year statute of limitations within which a state prisoner may file a federal

habeas petition.  28 U.S.C. § 2244(d)(1).  The one-year limitations period begins to run

from the latest of:

> (A)    *the date on which judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review*;
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such state action.
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (emphasis added).  Only the first provision set forth above is

implicated in this appeal.

A state court criminal judgment becomes "final" for purposes of § 2244(d)(1)(A)

"at the conclusion of review in the United States Supreme Court or when the period for

seeking certiorari review expires."  Kapral v. United States, 166 F.3d 565, 575 (3d Cir.

1999).  Austin's conviction undisputedly became final on November 5, 2001, the date his

deadline for filing a petition for certiorari in the United States Supreme Court passed

4

without his having pursued such relief. Therefore, absent statutory or equitable tolling, the deadline for Austin to file a federal habeas petition was scheduled to expire one year later in November 2002.

### A. Statutory Tolling

Section 2244(d)(2) of AEDPA sets forth the following tolling provision:

> The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2) (emphasis added). The parties do not dispute that Austin's state PCR motion tolled the one-year statute of limitations. They do disagree, however, on when the motion was "properly filed" and, therefore, when the statutory tolling period commenced.[3]

According to Austin, his state PCR motion was "properly filed" on August 12, 2002, irrespective of the fact that he used the wrong form. If Austin is correct, then 279 days had elapsed between the date his conviction became final and the date on which he filed his state PCR motion, leaving him 86 days after the Delaware Supreme Court

---

[3] We note that Austin advanced, and the District Court rejected, a different statutory tolling argument in the proceedings below. There, Austin contended that the statutory tolling period should be extended seven days because under AEDPA, holidays do not count in any term of tolling. Although the argument Austin now asserts on appeal was not raised before the District Court in the first instance, we have discretionary power to address questions of law that may have been waived. See Bagot v. Ashcroft, 398 F.3d 252, 256 (3d Cir. 2005).

5

affirmed the denial of his state PCR motion, that is until October 1, 2003,[4] in which to file a federal habeas petition.  Accordingly, Austin's federal habeas petition, which he filed on August 31, 2003, was timely.

By comparison, the State contends that Austin's state PCR motion was not "properly filed" until September 18, 2002, when Austin refiled the motion using the correct form.  By that time, 316 days had elapsed since Austin's conviction had become final, leaving only 49 days remaining in the one-year statute of limitations.  Therefore, when the Delaware Supreme Court affirmed the denial of post-conviction relief on July 7, 2003, Austin had only until August 25, 2003, in which to file a timely habeas petition in federal court.  Accordingly, his August 31, 2003 filing was untimely.

In Artuz v. Bennett, 531 U.S. 4, 8-9 (2000), the Supreme Court held that an application for state post-conviction relief

> is '*properly* filed' when its delivery and acceptance are in compliance with the applicable rules governing filings.  These usually prescribe, for example, *the form of the document*, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers.

(internal citations and footnotes omitted) (second emphasis added).  As we noted in Satterfield v. Johnson, 434 F.3d 185, 192 (3d Cir. 2006) (quoting Pace v. DiGuglielmo,

---

[4] In his brief, Austin states that he had until September 19, 2003, only 74 days after the Delaware Supreme Court affirmed the denial of post-conviction relief.  Whether the correct deadline is September 19 or October 1, 2003, has no bearing on the issues raised in this appeal.

544 U.S. 408, 417 (2005)), "[t]hese requirements prevent tolling because they 'go to the very initiation of a petition and a court's ability to consider that petition . . . .'"

Here, the Delaware Superior Court notified Austin that his initial state PCR motion did not comply with Delaware Superior Court Rule of Criminal Procedure 61. The notice, signed by Superior Court Judge Susan C. DePesco, stated:

> This will acknowledge receipt of your application for postconviction remedy. It has been recorded as received on the date indicated above. However, it is being returned to you because it does not comply with Superior Court Criminal Rule 61. The reason for its return is as follows: . . . You must use the attached form.

(App. 110.) Rule 61, which governs state post-conviction proceedings, provides in relevant part:

> Form of Motion. An application under this rule shall be made by a motion for postconviction relief. The movant must use the prescribed form which shall be made available without charge by the prothonotary. The motion shall be typewritten or legibly handwritten.

Del. Super. Ct. Crim. R. 61(b)(1).

The form of motion requirement set forth in Rule 61 is precisely the type of condition to filing that the Supreme Court described in Artuz. Because Austin failed to comply with that requirement when he initially filed his state PCR motion on August 12, 2002, the Superior Court returned it to him with instructions to refile the motion using the correct form. Austin did so on September 18, 2002, and only then did the statutory tolling period commence.

Austin argues that when he "refiled his motion on the prescribed form as directed,

7

under both Delaware and federal law it was constructively filed on August 12, 2002, the date of the original filing." (Appellant's Br. at 8.) In support of this argument, Austin cites Delaware Superior Court Rule of Civil Procedure 15, and its federal counterpart, Federal Rule of Civil Procedure 15, both of which provide that, provided certain conditions are met, "[a]n amendment of a pleading relates back to the date of the original pleading." See Del. Super. Ct. R. Civ. P. 15(c); Fed. R. Civ. P. 15(c). Relying on this provision, Austin argues that his corrected September 18, 2002 filing "relates back" to his August 12, 2002 filing. Unfortunately, this argument is unpersuasive.

Rule 15, in both its federal and state incarnations, governs *amended and supplemental pleadings* filed in civil actions. Here, Austin filed a motion for post-conviction relief pursuant to Delaware Criminal Rule 61. Rule 61 provides that, "[a] motion may be amended as a matter of course at any time before a response is filed or thereafter by leave of the court, which shall be freely given when justice so requires." Del. Super. Ct. Crim. R. 61(b)(6). However, even assuming that Austin's refiling of his state PCR motion constituted an "amendment" to his original defective motion, Rule 61 does not provide that an amendment will relate back to the original filing.

Austin nevertheless invites us to apply Rule 15's relation back provision to Rule 61 motions for post-conviction relief. Austin does not identify, nor have we found, any authority that would justify this approach. Indeed, we agree with the State that do so here would "allow state prisoners to circumvent and defeat the purpose of the limitations

8

period." (Appellee's Br. at 15.) Accordingly, we reject Austin's contention that the statutory tolling period commenced on the date he filed his non-compliant motion for state post-conviction relief.[5]

## B.    Equitable Tolling

We have held that AEDPA's one year statute of limitations is subject to equitable tolling. LaCava, 398 F.3d at 275. A petitioner seeking equitable tolling bears the burden of showing that "he diligently pursued his rights and that some 'extraordinary circumstance stood in his way.'" Satterfield, 434 F.3d at 195 (quoting Pace, 544 U.S. at 418). For example, equitable tolling may be appropriate if: (1) the government has actively misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; (3) the petitioner has timely asserted his rights in the wrong forum. Id. We have noted, however, that "courts should be sparing in their use of this doctrine." LaCava, 398 F.3d at 275.

---

[5]Austin also argues that Rule 61 does not constitute "an adequate and independent state bar" that would prevent federal habeas review. Austin's argument is specious since the District Court did not dismiss Austin's habeas petition because it found that Austin had defaulted on his claims but rather, as discussed in this opinion, because his habeas petition was time-barred. In addition, Austin requests that the Court hold its decision in this case in abeyance pending the Supreme Court's decision in Lawrence v. Florida, 421 F.3d 1221 (11th Cir. 2005), cert. granted, 126 S. Ct. 1625 (U.S. Mar. 27, 2006). We note that the Supreme Court issued its decision in Lawrence v. Florida, No. 05-8820, 2007 WL 505972 (U.S. Feb. 20, 2007), holding that AEDPA's one-year statute of limitations for filing a federal habeas petition is not tolled during the pendency of a petition for certiorari to the United States Supreme Court seeking review of the denial of state post-conviction relief. Accordingly, Lawrence is of no help to Austin in this appeal.

9

Austin argues that he is entitled to equitable tolling because despite the fact that he was diligent in pursuing his rights, his state PCR motion "languished" in the Superior Court for two weeks before he was notified that it was non-compliant. Assuming for purposes of analysis only that Austin was diligent in pursuing his rights, we simply cannot find that the two week "delay" between Austin's filing of his defective motion for post-conviction relief and the Superior Court's issuance of the notice of non-compliance would justify equitable tolling.

## III.    Conclusion

For the foregoing reasons, we will affirm the District Court's dismissal of Austin's habeas petition as time-barred.